```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION  - - - - - - - - - - - - x
                                           :
EMI APRIL MUSIC INC., GONE GATOR           :   Civil Action
MUSIC, EMI VIRGIN MUSIC, INC.,             :   No. 2:08-cv-332
FLOATED MUSIC, MILKSONGS AND               :
HIDEOUT RECORDS AND DISTRIBUTORS,          :
INC. (GEAR PUBLISHING DIVISION),           :
                                           :
                    Plaintiffs,            :   COMPLAINT
                                           :
        -against-                          :
                                           :
RANDOLPH MARTIN WHITE,                     :
                                           :
                    Defendant.             :
- - - - - - - - - - - - - - - - - - - - - x
```

Plaintiffs, complaining of the Defendant, by Leban & Associates, P.C., their attorneys, allege:

1. This is a suit for copyright infringement under Title 17, U.S.C. Jurisdiction of this Court is based upon Title 28, U.S.C., Section 1338(a).

2. Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendant's public performances of copyrighted musical compositions. SCHEDULE A annexed to the Complaint sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendant's acts of infringement.

3. Plaintiffs named in Column 2 (all references to columns are to columns in SCHEDULE A) are the owners of the copyrights in the works listed in Column 3, and are properly joined in this complaint under Rule 20, Fed. R. Civ. P.

4. Defendant Randolph Martin White is a resident of this District and, at the times hereinafter mentioned did and still does own, control, manage, operate and maintain a place of business for public entertainment, accommodation, amusement and refreshment known as Randzz, located at 6001 Holland Rd., in Suffolk, in the State of Virginia. The acts hereinafter complained of were done with his active assistance, cooperation, acquiescence and procurement, and he derives financial benefit therefrom.

5. Musical compositions were and are publicly performed at said place of business.

6. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

7. Each composition was published on the date stated in Column 5, and since the date of publication has been printed and published in strict conformity with Title 17, U.S.C.

8. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17, U.S.C., and secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

9. Defendant on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions on Defendant's premises, for the entertainment and amusement of the patrons attending said premises, and Defendant threatens to continue such infringing performances.

10. The performances of the Plaintiff's copyrighted musical compositions on the dates specified in Column 7 on Defendant's premises were unauthorized: neither Defendant, nor any of the Defendant's agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff or any agent, servant or employee of any Plaintiff to give such performances.

11. In undertaking the conduct complained of in this action, Defendant knowingly and intentionally violated Plaintiffs' rights. Defendant's knowledge and intent are established by the following facts:

(a) Defendant has not sought or obtained a license agreement from Plaintiffs or the American Society of Composers, Authors and Publishers (ASCAP), a performing rights licensing organization of which all Plaintiffs are members.

(b) Despite numerous letters and other contacts by ASCAP representatives informing the Defendant of his liability under the United States Copyright Law, Defendant has continued to perform copyrighted music without permission during the hours that Defendant's establishment is open to the public for business and presenting musical entertainment.

(c) The many unauthorized performances at Randzz include the performances of the three copyrighted musical compositions upon which this action is based.

12. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

13. The said wrongful acts of the Defendant have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendant from the further commission of said

acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I.  That Defendant and all persons acting under the direction, control, permission or authority of Defendant be enjoined and restrained permanently from publicly performing the aforementioned compositions or any of them and from causing or permitting the said compositions to be publicly performed in Defendant's said premises, or in any place owned, controlled or conducted by Defendant, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II.  That Defendant be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

III. That Defendant be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV. For such other and further relief as may be just and equitable.

___7|11|88___  
Date

___[signature]___  
Michael T. Zugelder  
Leban & Associates, P.C.  
5690 Greenwich Road  
Suite 300  
Virginia Beach, VA 23462

Counsel for Plaintiffs

| Columns 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Cause of Action | Plaintiff | Musical Composition | Writers | Date of Publication | Certificate of Registration Number | Date of Known Infringement |
| 1. | EMI APRIL MUSIC INC. AND GONE GATOR MUSIC | I WON'T BACK DOWN | JEFF LYNNE TOM PETTY | 4/17/89 | PA 417-694 | 8/10/07 |
| 2. | EMI VIRGIN MUSIC, INC., FLOATED MUSIC, MILKSONGS | INTERSTATE LOVE SONG | DEAN DE LEO, ROBERT DE LEO, ERIC KRETZ AND SCOTT WEILAND | 6/1/94 | PA 662-909 | 8/11/07 |
| 3. | HIDEOUT RECORDS AND DISTRIBUTORS, INC. (GEAR PUBLISHING DIVISION) | THE FIRE DOWN BELOW | BOB SEGER | PUBLISHED IN FOLIO "THE NEW BOB SEGER NIGHT MOVES/LIVE BULLET" 1/1/78 | PA 44-059 | 8/11/07 |

SCHEDULE "A"