IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

**NORFOLK DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| EMI APRIL MUSIC INC., GONE GATOR MUSIC, EMI VIRGIN MUSIC, INC., FLOATED MUSIC, MILKSONGS AND HIDEOUT RECORDS AND DISTRIBUTORS, INC. (GEAR PUBLISHING DIVISION), | : : : : | |
| Plaintiffs, | : | Civil Action No.<br>2:08-cv-00332 |
| -against- | : | |
| | : | |
| RANDOLPH MARTIN WHITE, | : | |
| Defendant. | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**BRIEF IN SUPPORT OF**

**PLAINTIFFS' MOTION FOR DEFAULT**

**JUDGMENT AND INJUNCTIVE RELIEF**

Plaintiffs submit this Memorandum in Support of their Motion for Default Judgment and for Injunctive Relief against Defendant, pursuant to F.R.C.P. 55 (b).

**PRELIMINARY STATEMENT**

This is an action for copyright infringement by unauthorized public performance of the following three musical compositions at Randzz Restaurant & Pub, 6001 Holland Road, in Suffolk, Virginia on August 10, 2007 and August 11, 2007, dates on which Defendant Randolph Martin White served as its President: "I WON'T BACK DOWN,"

"INTERSTATE LOVE SONG," and "THE FIRE DOWN BELOW."    (Schedule "A" annexed to the Complaint sets forth the titles, writers, copyright proprietors, and copyright registration numbers for each of the songs in suit.)

Plaintiffs own the copyrights in these musical compositions and seek remedies provided by the United States Copyright Law 17 U.S.C. §§502, 504, and 505 (1976), including: (1) an injunction prohibiting further infringing performances of Plaintiffs' copyrighted musical works and any other copyrighted musical compositions in the repertory of the American Society of Composers, Authors and Publishers ("ASCAP") ; (2) statutory damages in the amount of $ 4,500.00 for each cause of action; and (3) costs, including reasonable attorney's fees.

Plaintiffs are members of ASCAP, to which they have granted a non-exclusive right to license non-dramatic public performances of their copyrighted musical compositions, including the musical compositions performed by the Defendant. On behalf of Plaintiffs and users, including radio and television networks, commercial radio and television stations, restaurants, nightclubs, and other establishments whose owners desire to perform lawfully copyrighted musical compositions in the ASCAP repertory. Occasionally, as in this case, a user does not pay its license fees and ASCAP is forced to terminate the license. Nevertheless, the user continues to perform copyrighted works without permission of the copyright owners. When this occurs, ASCPA's members institute copyright infringement actions such as this one. *

---

\* For a detailed description of ASCAP and its role in the business of performing rights licensing, <u>see,</u> <u>International Korwin v. Kowalczyk,</u> 855 F.2d 375, 376 n.1 (7th Cir. 1998).

Defendant owns and operates a restaurant which offers public entertainment known as Randzz Restaurant & Pub, located in Suffolk, Virginia.

The Affidavit of Mark Eanes submitted with this Memorandum as Exhibit A, establishes that the musical compositions listed in the Complaint were performed on August 10, 2007 and August 11, 2007 at Randzz Restaurant & Pub.

The Affidavit of ASCAP's Doug Jones (The "Jones Affidavit"), submitted herewith as Exhibit B, clearly establishes that Defendant had actual knowledge that Randzz Restaurant & pub was not licensed to perform copyrights musical compositions in the ASCAP repertory and that the unlicensed performance of Plaintiffs' and other ASCAP members' songs would constitute copyright infringement. In spite of this knowledge, Defendant performed the compositions in suit on August 10-11, 2007, and continued to perform copyrighted musical belonging to ASCAP's members without authorization.

A copy of the Summons, together with the Complaint, was served upon Defendant Randolph Martin White on October 2, 2008.

The Summons required Defendant Randolph Martin White to file a written response or answer on or before October 22, 2008. Attached hereto as Exhibit C is a copy of the Affidavit of Service.

Defendant Randolph Martin White, though properly served with the Summons and the Complaint, has failed to appear or plead. As a result, this Court has found Defendant is default. In dozens of cases similar to the one at bar, federal courts have routinely grant plaintiff's; motion for default judgment based on well-pleaded Complaints

and affidavits where the defendant has failed to answer. We briefly discuss below the pertinent authorities.

## I. PLAINTIFFS ARE ENTITILED TO A DEFAULT JUDGMENT BY THE COURT UNDER RULE 55 (B) (2).

Rule 55(b) (2) , F.R.C.P., provides for the entry of default by the Court. The entry of a default judgment by the Court rests within the exercise of its sound judicial discretion, or "the power exercised by courts to determine questions to which no strict rule or law is applicable, by which, from their nature, and circumstances, are controlled by the personal judgment of the court." Louisiana Farmers Protective Union, Inc. v. Great Atlantic & Pacific Tea Co., 83 F. Supp. 646, 654 (D.C. Ar. 1949), cited with approval in Wright & Miller, 10 Federal Practice and Procedure, § 2685. If the Court determines from the record that the parties are properly before the Court, that the Court has obtained jurisdiction over the matter, that the Plaintiffs state a claim upon which relief can be granted, and that the Defendant is in default, then the factual allegations of the Plaintiffs' complaint, except those which relate to the amount of damages, are taken as true and the Plaintiffs are entitled to judgment. Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 64,64 (2d Cir. 1981); Danning v. Lavine, 559 F.2d 557, 560 (9th Cir. 1977).

The elements of a copyrighted claim based on unauthorized public performance have been set forth many times: originality and authorship of the compositions; compliance with copyright formalities; plaintiffs' proprietary interest, public performance;

and the absence of a license. * E.g., Almo Music Corp. v. 77 East Adams, Inc., 647 F. Supp. 123 (N.D. ILL. 1986).

With each of these elements pleaded in Plaintiffs' Complaint in the instant case, and the Defendant properly served with the Summons and Complaint, there can be no question that the Defendant failure to respond to the Complaint established his liability as infringer. See, e.g., Coleman v. Payne , 698 F. Supp. 704 (W.D. Mich. 1988); Music City Music v. Alfa Foods, Ltd. 616 F. Supp. 1001 (E.D. Va. 1985). Thus, the only remaining issue is the scope of relief.

## II. **PLAINTIFFS ARE ENTITLED TO INJUNCTIVE RELIEF, STATUTORY DAMAGES AND COSTS, INCLUDING REASONABLE ATTORNEY'S FEES.**

### A. Injunctive Relief

The Copyright Act of 1976 provides that courts may grant injunctions to prevent or restrain copyright infringements. 17 U.S.C. §502 (a), provides:

> Any court having jurisdiction of a civil action arising
> under this title may . . . grant temporary and final
> Injunctions on such terms as it may deem reasonable
> to prevent or restrain infringement of a copyright.

When an infringement occurs, a copyright proprietor is entitled to an injunction prohibiting further infringing performances. See, e.g., Chi Boy Music v. Charlie Club,

---

*Under the federal rules, "license" is, of course, an affirmative defense which must be raised by defendants in a responsive pleading. F.R.C.P. 8(c)

Inc., 930 F. 2d 1224 (8th Cir. 1991) ; Music City Music v. Alfa Foods, Ltd., 616 F. Supp. 1001 (E.D. Va. 1985) ; Milene Music, Inc. v. Gotauco, 551 F. Supp. 1288 (D.R.I. 1982) ; Boz Scaggs Music v. KND Corporation, 491 F. Supp. 908 (D. Conn. 1980) .

As the Jones Affidavit demonstrates, Defendant continues to operate Randzz Restaurant & Pub without an ASCAP license and still performs music. An injunction is particularly appropriate where, as here, Defendants' infringing activities continue. Therefore, Plaintiffs are entitled to an injunction prohibiting further infringing performances. See, e.g., Milene Music, Inc. v. Gotauco, 551 F. Supp. 908 (D.R.I. 1982); Boz Scaggs Music v. KND Corp., 491 F. Supp. 908 (D. Conn. 1980) ; Rodgers v. Quests, Inc., 213 U.S.C.P.Q. 212 (N.D. Ohio 1981).

Recognizing that Plaintiffs in these "ASCAP" cases are, in a sense, representative of all ASCAP's members, courts now routinely enjoin defendants from performing any or all music in the ASCAP repertory without proper authorization. See, e.g., Brockman Music v. Miller, 1990 Copyright L. Dec. (CCH) ¶ 26,602 (W.D. Mich. 1990); Brockman Music v. Mass Bay Lines, Inc., 7 U.S.P.Q. 2d 1089 (D. Mass 1988) ; Billy Steinberg Music v. Cagney's Pub, Inc., 9 U.S.P.Q. 2d 1749 (N.D. ILL. 1988) ; Crabshaw Music v. Douglas Broadcasting, Inc., 3:93cv753 (E.D. Va 1994) ; New Perspective Publishing, Inc. v. Great Sports, Inc., 3:94cv11 (E.D. Va. 1994) ; Frank Music Corp. v. Margues-Israel, Inc., 93-0350-R (W.D. Va. 1993) ; Zappo Music v. R. Douglas Thomas, No. 93-1025-A (E.D. Va. 1994).

We respectfully submit that Plaintiffs in this case are entitled to the same relief: an order permanently enjoining Defendant Randolph Martin White from performing any and all music in the ASCAP repertory, unless duly authorized to do so.

### B. Statutory Damages

The Copyright Act, 17 U.S.C. §504 (c) (1), provides, in pertinent part:

> … the copyright owner may elect . . . to recover, instead of actual damages and profits, an award of statutory damages . . . in a sum of not less than $ 750.00 or more than $30,000.00 as the Court considers just.

And, in the case of willful infringement, 17 U.S.C. § 504 (c) (2) further provides that:

> [T]he Court in its discretion may increase the award of statutory damages to a sum of not more than  $ 150,000.00 [for each musical composition infringed]

The statute invests the trial court with wide discretion to set damage within the statutory limits. See, F. W. Woolworth Co. v. Contemporary Arts, Inc.,  344 U.S. 288 (1952) ; International Korwin Corp. v. Kowalczyk, 665 F. Supp. 652 (N.D. ILL. 1987), aff'd, 855 F. 2d 375 (7th Cir. 1988); Morley Music Co. v. Dick Stacy's Plaza Motel, Inc., 725 F. 2d 1 (1st Cir. 1983).

Factors to be considered include " the expenses saved and profits reaped by the defendants in connection with the infringements, the revenues lost by the Plaintiffs as a result of the Defendant's conduct, and the infringer's state of mind - - whether willful, knowing, or merely innocent." Boz Scaggs Music v. KND Corporation, 491 F. Supp. at 914.

An award of substantial statutory damages serves the deterrent purpose of the statute, as recognized by the Supreme Court in the <u>Woolworth</u> case:

> [A] rule of liability which merely takes away the profits from an infringement would offer little discouragement to infringers. It would fall short of an effective sanction for enforcement of the copyright policy. The statutory rule, formulated after long experience, not merely compels restitution of profit and reparation for injury but also is designed to discourage wrongful conduct.

344 U.S. at 233.

In cases such as this, where Plaintiffs seek statutory rather than actual damages and where defendant knowingly and deliberately infringed Plaintiffs' copyrights, courts typically award substantially more than minimum statutory damages and more than the infringer would have paid in license fees. * <u>Nick-O-Val Music Co., Inc. v. P.O.S. Radio, Inc.</u>, 656 F. Supp. 826 (M.D. Fla. 1987) ($2,500 for each of 20 infringements; the broadcasters' license fees would have totaled approximately $22,000) ; <u>Rogers v. Eighty Four Lumber Company</u>, 623 F. Supp. 889 (W.D. Pa. 1985) ($2,500 for each of 49 infringements; license fees would have totaled approximately $77,800); <u>Music City Music v. Alfa Foods, Ltd.</u>, 616 F. Supp. 1001 (E.D. Va. 1985) ($41,500 for each of three infringements; license fees would have totaled approximately $42,100); <u>Boz Scaggs Music v. KND Corp.</u>, 491 F. Supp. at 908 (D.Conn.1980) ($1,000 for each of 23 infringements; the broadcasters' license fees would have totaled approximately $6,000).

So, too, have federal courts in Virginia often awarded damages greater than the statutory minimum. <u>See, e.g.</u>, <u>Colgems EMI Music, Inc. v. Robinson Broadcasting Corp.</u>, No. 89-00304 (E.D. Va. 1989) (default judgment awarding $1,500 per

8

infringement); Sailor Music v. Wen-Sand, Inc., No. 89-806-N (E.D. Va. 1991) (judgment after trial for $1,500 per infringement); Waifersongs, Ltd. V. Jones, No. 391cv00324 (E.D. Va.1991) (default judgment awarding $3,000 per infringement); Music City Music v. Alfa Foods, Ltd., 616 F. Supp. 1001 (E.D. Va. 1985)* (default judgment awarding $1,500 per infringement); Zappo Music v. Thomas, No. 93-1025-A (E.D. Va. 1994) (default judgment awarding $1,500 per infringement). See, also, Van Halen Music v. Thomas, No. 88-0230-R (W.D. Va. 1986) (default judgment awarding $1,875 per infringement); Cayman Music, Inc. v. 1776 Restaurant, No. 85-0075-C (W.D. Va. 1986) (default judgment awarding $1,200 per infringement).

As in the cases cited above, Plaintiffs here offer no proof of actual damages. Instead, Plaintiffs seek statutory damages and rely on the Jones Affidavit, which shows that:

(1) Defendant White had ample notices of his infringing activities prior to commencement of this litigation;

(2) ASCAP repeatedly offered Mr. White an ASCAP license;

(3) Defendant White ignored ASCAP's notices and performed copyrighted music owned by Plaintiffs without authorization; and

(4) If Mr. White was properly licensed by ASCAP to date, the Defendant would owe approximately $4,508.13 in license fees. (Jones Affidavit)

---

* The Court in Music City Music v. Alfa Foods, Ltd. 616 F. Supp. 1001 (E.D. Va. 1985), agreed that statutory damages should be awarded in an amount sufficient to put the defendant "on notice that it costs less to obey the copyright laws than to violate them." Id. at 1003.

On this record, Plaintiffs respectfully suggest that appropriate statutory damages in this case are $4,500.00 per infringement, for a total of $13,500.00 -- an amount which should prove a deterrent to Defendants' further infringement conduct.

### C. **Costs and Attorney's Fees**

The Affidavit of Plaintiffs' counsel in support of Plaintiffs' claim for attorney's fees is submitted herewith as **Exhibit D.**

17 U.S.C. § 505 provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party . . . [T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

In its recent decision in Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994), the Supreme Court pronounced the rule with respect to attorneys' fees in copyright cases:

> . . . prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion. 510 U.S. at 534.

The Court granted certiorari in the Fogerty case to resolve a conflict among the circuit courts as to whether the district courts should apply a "dual standard" in exercising their discretion when awarding attorney's fees, holding prevailing defendants to a higher standard than prevailing plaintiffs. In rejecting the dual standard, Justice Rehnquist focused on some of the considerations which have led courts to award attorneys' fees to prevailing parties in copyright cases (Ibid.):

> Some courts following the evenhanded standard have suggested several nonexclusive factors to guide courts' discretion. For example, the Third Circuit has listed several

>nonexclusive factors that courts should consider in making awards of attorney's fees to any prevailing party. These factors include "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular for deterrence." <u>Lieb v. Topstone Industries, Inc.</u>, 788 F2d 151, 156 (CA3 1986). We agree that such factors may be used to guide courts' discretion, so long as such factors are faithful to the proposes of the Copyright Act and are applied to prevailing plaintiffs in an evenhanded manner.

The <u>Fogerty</u> decision understandably emphasizes the considerations which ought to be taken into account in determining whether to award attorneys' fees to a prevailing defendant. We do not read the decision as constraining awards of attorneys' fees to prevailing plaintiffs in cases such as this one. Indeed, in an earlier "ASCAP" case, <u>Bos Scaggs Music v. KND Corp.</u>,(<u>Ibid.</u>), Judge Blumenfeld applied the same analysis prescribed by the Supreme Court in determining that the plaintiffs were entitled to attorney's fees:

>. . . Some of the consideration that might justify the <u>denial</u> of fees include the presence of a complex or novel issue of law that the defendant litigate vigorously and in good faith [citation omitted]; the defendants' status as innocent, rather than willful or knowing, infringers, [citation omitted]; bad faith on the plaintiffs' part in prosecuting the action [citation omitted]; or a good faith attempt by the defendants to avoid infringement [citation omitted].
>
>None of these justifications for denying an award of fees is present in this case. Quite the contrary, liability is unquestionable on both the law and the facts; the defendants' conduct, whatever their precise state of mind, was certainly not innocent, they repeatedly rebuffed offers to resolve the dispute prior to the commencement of litigation; their defense efforts in this action have been spare; and they made no attempt whatsoever to avoid infringement although they were well aware of the law's requirements. While statutory damages are assessed in

11

> lieu of actual damages, "the counsel fees provision was designed to penalize the losing party as [well as] to compensate the prevailing party.'" [citations omitted]. Equity dictates that the defendant be required to pay the plaintiffs an allowance for attorneys' fees. Id. at 915 (emphasis in original).

See also, Milene Music, Inc. v. Gatauco, (Ibid.) where, on facts virtually identical to the case at bar, Judge Selya concluded:

> The defendants have deliberately and knowingly infringed upon plaintiffs' copyrights; and subsequent to such infringement, have forced Plaintiffs to enforce their proprietary interests in the copyrights. The defendants, in the Court's view, have come forward with no justification for their actions, not any colorable grounds whatever upon which defense of mitigation could be predicated. The Court believes that this litigation fairly cries out for an award of attorneys' fees. 551 F. Supp. at 1298;

See, also, Golden Torch Music Corp. v. Pier III, Inc., 684 F. Supp. 772 (D. Conn. 1988) ("Since the Copyright Act is intended to encourage suits to redress copyright infringement, fees are generally awarded o prevailing plaintiffs" [citations omitted]; and Little Mole Music, v. Spike Inv., Inc., 720 F. Supp. 751, 757 (W.D. Mo. 1989) (awards of attorneys' fees "are in keeping with the policy behind the Copyrights Act's fee shifting provision, for often the actual value of the recovery in copyright infringement actions may not be commensurate with the attorneys' fees incurred to obtain the recovery. Without the fee-shifting provision, copyright owners would doubtless be exceedingly reluctant to enforce their rights in such cases." [Citations omitted.])

So, too, could Defendant herein have substantially reduced the attorneys' fees incurred by Plaintiffs in prosecuting this action if he had reasonably accepted any of ASCAP's repeated offers to settle the matter. He did not.

In circumstances virtually identical to those here, the courts in this District have granted awards of reasonable attorneys' fees to prevailing plaintiffs in "ASCAP" cases: See e.g., Zappo music v. Thomas, No. 93-1025-A (E.D. Va. 1994); Waifersongs, Ltd. V. Jones, No.3:91cv00324 (E.D. Va. 1991); Music City Music v. Alfa Foods, Ltd., 616 F. Supp. 1001 (E.D. Va. 1985); Colgems-EMI Music, Inc. v. Robinson Broadcasting Corp., No. 89-00304-R (E.D. Va. 1989).

This Court should award the Plaintiffs their costs including reasonable attorneys' fees in an amount to be determined upon submission of an affidavit of counsel setting forth expenses incurred by Plaintiffs and time expanded by counsel.

## CONCLUSION

Based upon the foregoing authorities and the Affidavits accompanying this Motion, Plaintiffs' Motion for Judgment by Default against the Defendant should be granted, and the Court should award Plaintiffs the following relief: an injunction permanently enjoining and restraining Defendant from publicly performing without a license any and all copyrighted musical compositions in the ASCAP repertory; statutory damages of not less than $4,500.00 in each cause of action, for a total of $13,500.00; and costs, including a reasonable attorney's fee.

        Respectfully submitted,

**EMI APRIL MUSIC, INC., GONE GATOR MUSIC, EMI VIRGIN MUSIC, INC., FLOATED MUSIC, MILKSONGS AND HIDEOUT RECORDS AND DISTRIBUTORS, INC.. (GEAR PUBLISHING DIVISION),**

By: _____

 /s/
Michael T. Zugelder
Va Bar #20445
Leban & Associates, P.C.
5690 Greenwich Road, Suite 100
Virginia Beach, VA 23462
Phone: (757) 961-6200
Fax: (757)961-8300
mzugelde@odu.edu

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of February, 2009, I mailed a true copy of the foregoing Memorandum to Mr. Randolph Martin White at 6001 Holland Road, Suffolk, VA 23437.

_____
 /s/
Michael T. Zugelder
VA BAR # 20445
Leban & Associates, P.C.
5690 Greenwich Road, Suite 100
Virginia Beach, VA 23462
Phone:  (757)961-6200
Fax:    (757)961-8300
mzugelde@odu.edu